IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILFRED D. KEMP, | |
| Plaintiff, | Case No. 24-cv-11 |
| v. | Judge Mary M. Rowland |
| DANIEL P. DRISCOLL, Secretary of the Army, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Wilfred Kemp ("Plaintiff" or "Kemp") brings suit against his former employer, Defendant Mark P. Driscoll, Secretary of the Army[1], ("Defendant") alleging employment discrimination based on age, color, disability, and race. [5]. Defendant moves to dismiss Plaintiff's second amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [19] For the reasons stated herein, Defendant's Motion to Dismiss is granted in part and denied in part.

**I. Background**

The factual allegations from the complaint are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Plaintiff was employed by the U.S. Department of the Army as an Administrative Service Technician. [5] at 7. He alleges he was discriminated against

---

[1] Daniel P. Driscoll became the Secretary of the Army on February 25, 2025. Under Rule 25 (d) of the Federal Rules of Civil Procedure, Secretary Driscoll is automatically substituted as the defendant in this suit.

1

based upon race, color, age, and disability. [5] at 3–4. Plaintiff alleged he was diagnosed with cancer in August 2019 and experienced fatigue, mobility issues, and other symptoms as a result. *Id.* at 7. Plaintiff claims his commander changed his work schedule but Plaintiff refused to sign a "Notice of Work Schedule Change." *Id.* at 7–8. Plaintiff claims he then submitted a request for reasonable accommodation to which he attached a letter from his doctor detailing his chemotherapy treatment schedule and "rebuttal paperwork" to the Notice of Work Schedule Change. *Id.* at 8. Plaintiff also alleges that he has been subject to a hostile work environment, such as his commander revealing his medical condition at a staff meeting. *Id.* at 8. Eventually Plaintiff withdrew his reasonable accommodation request and stated his intention to retire due to "the stress and unfair treatment placed on him" by his commander. *Id.*

On February 20, 2024, the Court accepted Plaintiff's complaint as stating a claim based upon a violation of the ADA. [6] However, the Court found that if the Plaintiff wished to proceed on his claim of race, color or age discrimination he would need to file an amended complaint alleging facts supporting those claims. *Id.* On October 9, 2024, Defendant answered the complaint as to the ADA claim and asserted several affirmative defenses. [14]. Plaintiff then filed the first amended complaint on November 6, 2024 (*see* [17]) and a second amended complaint on November 18, 2024 (*see* [18]). Both versions of the amended complaint reasserted Plaintiff's race and color discrimination claims but contain no facts supporting those claims. The amended complaints also omit the ADA allegations contained in the initial complaint. *Compare* [17] and [18] *with* [5].

2

Defendant now challenges the sufficiency of Plaintiff's claims in his second amended complaint. *See* [19].

## II. Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is

"a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

In addition, the Court construes *pro se* complaints liberally, holding them to a less stringent standard than lawyer-drafted pleadings. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### III. Analysis

Defendant moves to dismiss Plaintiff's second amended complaint on the grounds that the complaint lacks sufficient allegations to state a claim and fails to allege Plaintiff exhausted available administrative remedies. The Court considers each of these arguments.

#### A. Permissibility of Piecemeal Amendments

Defendant argues the SAC should be dismissed because it contains no facts to support Plaintiff's race and color discrimination claims and omits the factual allegations from the original complaint. [19] ¶ 7. Defendant contends the SAC supersedes Plaintiff's original complaint, and the SAC should stand on its own without reference to the original complaint. *Id.* ¶ 9 (citing *Goston v. Fecarotta*, No 17. C 6003, 2017 WL 6813698, at *1 n.1 (N.D. Ill. Nov. 16, 2017); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004)). In response, Plaintiff explains that the sole purpose of the SAC was to include additional evidence relevant to the claims under Title VII and he does not seek to alter or amend his original ADA allegations. [21] at 4. Plaintiff also requests to withdraw the SAC. *Id.* at 3–4.

First, we must determine whether the Court can assess allegations from multiple complaints together as if alleged all in one complaint. In general, "an amended complaint supersedes an original complaint and renders the original complaint void." *Mosley v. Indiana Dep't of Corr.*, 2024 WL 1651902, at *1 (7th Cir. Apr. 17, 2024) (quoting *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004)); *Burton v. HMS Host (Chief Exec. Officer)*, 2024 WL 3888833, *2 (N.D. Ill. Aug. 21, 2024) (stating an "amended complaint must stand alone, without relying on any previous or later fillings"). Here, the SAC omits the statement of facts from the original complaint, leaving insufficient grounds to state a plausible claim. [18] at 2. In addition, Plaintiff pled new facts in his opposition to Defendant's motion to dismiss. [21] at 4–5. Typically, the Plaintiff may not amend the complaint through his opposition to a motion to dismiss. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F3d 328, 347–48 (7th Cir. 2012).

Nevertheless, although the Court does not ordinarily allow piecemeal amendments to a pleading, the Court will evaluate the allegations set forth in the complaints and the opposition brief together. *See Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (reversing dismissal on the grounds that plaintiff's allegations were too conclusory and acknowledging the *pro se* plaintiff "bolstered his claim by making more specific allegations in documents attached to the complaint and in later filings"); *Otis v. Demarasse*, 886 F. 3d 639, 644–45 (7th Cir. 2018) (accepting *pro se* plaintiff's intention to incorporate an earlier-filed complaint by implicit reference despite the amended complaint omitting allegations against certain defendants); *Chest v.*

5

*Merriman*, 2023 WL 2914288, at *1 (S.D. Ill. Apr. 12, 2023) (reviewing multiple pleadings the plaintiff submitted on account of her status as a *pro se* litigant even after advising the plaintiff that piecemeal amendments would not be accepted). Pursuant to the Supreme Court's direction to construe liberally *pro se* filings, the Court will not construe Plaintiff's SAC as superseding his original complaint. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("A pro se complaint must be held to less stringent standards than formal pleadings drafted by lawyers."). Hence, the Court accepts the Plaintiff's attempt to supplement the original complaint and will review the allegations in the complaints and the opposition together.[2]

### B. The Sufficiency of the Complaint

Next, we address whether the Plaintiff, through his complaints and opposition brief, states a claim upon which relief can be granted. To satisfy the sufficiency of a complaint under the plausibility standard, the plaintiff is required to "provid[e] some specific facts" to support the legal claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Here, the Court already has found that Plaintiff has sufficiently pleaded a claim under the ADA and no allegations provide the Court any reason to deviate from this conclusion.[3] [6] at 2. The Defendant has filed an Answer to that claim. [14]. Thus,

---

[2] In the reply to Plaintiff's motion to withdraw the SAC, Defendant argues that SAC should supersede the original complaint, and a withdrawal of the SAC would be an immediate dismissal of the suit. [25] ¶ 2. Since the Court is reviewing all the filings together, the Court denies Plaintiff's proposed withdrawal of SAC.

[3] The Court found Plaintiff "stat[ed] a claim based upon a violation of the ADA" ([6] at 2), but Defendant contends Plaintiff's claims are "better understood as cognizable under the Rehabilitation Act" ([19] ¶ 2 n.1). The Rehabilitation Act provides that "no otherwise qualified individual with a disability in the

the Court turns to Plaintiff's claims based on age, race, and color, which he was given leave to amend. *Id.*

Nowhere in either amended complaint or in his opposition brief did Plaintiff allege any new facts to bolster his age discrimination claim. Plaintiff's race and color discrimination claims fare no better. His collective filings only offer conclusory allegations that he was discriminated against based on his race and color but do not provide any specific facts. Plaintiff claims he "was subjected to discriminatory treatment based on race and color, including but not limited to Disability and Racial incidents of discrimination" and "[d]espite [his] qualifications and job performance, Defendant subject[ed] him to Negative Performance Reviews, Disciplinary Actions, and a Hostile Work Environment." [18] ¶¶ 7–8. Plaintiff states "[t]he discriminatory actions were intentional and based on Plaintiff's race and color." *Id.* ¶ 9. Even in his opposition to Defendant's motion to dismiss, Plaintiff only introduces another employee's resignation letter that does not appear to relate to Plaintiff's own experience at work. [21] at 5; 9. The Court requires more than Plaintiff's conclusion of what has happened. *McCauley v. Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Plaintiff has failed to provide specific facts to provide Defendant notice of his claim. Therefore, Plaintiff's race and color claims do not meet the plausibility standard for relief to be granted.

---

United States shall, solely by reason of her or his disability, be subjected to discrimination under any program or activity conducted by any Executive agency." *Swain v. Wormuth*, 41 F.4th 892, 897 (7th Cir. 2022) (cleaned up) (quoting 29 U.S.C. § 794(a)). Given Mr. Kemp's employment with Defendant U.S. Department of the Army, the Court agrees that the Rehabilitation Act, not the ADA applies here.

7

### C. Exhaustion of Administrative Remedies

Finally, Defendant argues that Plaintiff's SAC fails to allege that Plaintiff has exhausted available administrative remedies prior to bringing a claim against a federal employer in court. [19] ¶ 8 (citing 42 U.S.C. § 2000e-16(c)). Plaintiff disagrees. [21] at 3–4.

Defendant does not explain which administrative remedies Plaintiff failed to avail. *See* [19] ¶ 8. The Court declines to address this undeveloped argument. *See Shipley v. Chicago Bd. Of Election Commissioners*, 947 F.3d 1056, 1063 (7th Cir. 2020) ("Arguments that are underdeveloped, cursory, and lack supporting authority are waived.").

### IV. Conclusion

For the stated reasons, Defendant's Motion to Dismiss is granted in large part and denied in part. [19]. Plaintiff's disability discrimination claim under the Rehabilitation Act may proceed. All other claims are dismissed. The case will proceed under the Complaint [5]. The Defendant has filed an Answer [14]. Plaintiff's Opposition to Defendant's Motion to Dismiss and Motion to Withdraw Second Amended Complaint [21] is denied as moot.

E N T E R:

Dated: June 23, 2025

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

8